UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENNIS BAIN, | * |
| Plaintiff, | * |
| v. | * Civil Action No. 19-11021-ADB |
| MIDDLESEX PROBATE COURT JUDGE MELANIE GARGAS, et al., | * |
| Defendants. | * |

MEMORANDUM AND ORDER

BURROUGHS, D.J.

Dennis Bain brings this action under 42 U.S.C. § 1983 ("§ 1983"), alleging that his constitutional rights were violated in the course of divorce and custody proceedings. Bain also seeks leave to proceed *in forma pauperis*. For the reasons set forth below, the Court will grant the motion for leave to proceed *in forma pauperis* and dismiss this action.

I. BACKGROUND

In February 2013, Bain and Ann Kilroy, his wife of 30 years, divorced.[1] The divorce proceedings were held in the Middlesex Probate and Family Court. The couple has six children, two of whom were minors at the time of the divorce and are presently minors. The original divorce agreement allowed for shared legal custody of these young children. Following the divorce, Kilroy orchestrated several events which ultimately resulted in limiting and even denying Bain time with the children. The first of these events took place on August 12, 2013,

---

[1] For purposes of this Memorandum and Order, the Court summarizes the well-pled allegations in Complaint [ECF #1], treating them as true and construing them in the light most favorable to the plaintiff.

when a custody hearing occurred in the Marlboro courthouse in Bain's absence. The hearing had originally been scheduled to take place at the Cambridge courthouse. Bain did not receive timely notice of the change of venue, but he was later assured by a court employee at the Cambridge courthouse that a scheduling error had occurred and the hearing would not go forward in Marlboro in his absence. However, Judge Spenser Kagan held the hearing in Marlboro, found Bain to be in default, and granted Kilroy sole legal custody of the two minor children.

Bain subsequently wrote a letter to Judge Kagan and Tara DeCristofaro, the Register of Probate, concerning the administrative errors with regard to the August 12, 2013 custody hearing. Bain requested therein to meet with them, but the letter went unanswered. Bain went to the courthouse in an attempt to communicate with DeCristofaro in person, but he was bullied and threatened in the hallway by Phillip Colameta, the Administrative Deputy Assistant Register. Bain experienced many other problems with Judge Kagan, leading him to file a motion for Judge Kagan to recuse himself. Judge Kagan denied the motion.

Bain also experienced problems in front of Judge Melanie Gargas of the Middlesex Probate and Family Court. Judge Gargas appointed Patricia Brady as guardian ad litem ("GAL") to the minor children of Bain and Kilroy. Brady failed to communicate to Judge Gargas important information that Bain had provided concerning Kilroy's fitness as a mother.

Bain alleges that Judge Kagan, Judge Gargas, DeCristofaro, Colameta, and Brady violated his right to due process. He seeks compensatory and punitive damages.

## II. DISCUSSION

### A. Motion for Leave to Proceed *in Forma* Pauperis

Upon review of Bain's motion for leave to proceed *in forma pauperis*, the Court concludes that he has adequately demonstrated his eligibility to proceed without prepayment of

the filing fee. Accordingly, the motion is GRANTED.

B. Review of the Complaint

Because Bain is proceeding *in forma pauperis*, the Court conducts a preliminary review of his complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Here, Bain has failed to state a viable claim for relief against any of the defendants. Judge Kagan and Judge Gargas enjoy judicial immunity with regard to Bain's assertions against them. All of their alleged misconduct occurred in the exercise of their roles as judicial officers. *See Pierson v. Ray*, 386 U.S. 547, 554 (1967) (stating that judges are immune "from liability for damages for acts committed within their judicial jurisdiction . . . even when the judge is accused of acting maliciously and corruptly"). Brady, as a GAL appointed by the family court to prepare a report concerning Bain's minor children, is entitled to quasi-judicial immunity. *See Cok v. Cosentino*, 876 F.2d 1, 3 (1st Cir. 1989) (holding that GAL "was involved in the adjudicative process and shard in the family court judge's absolute immunity").

Even if the Court assumes that DeCristofaro and Colameta are not protected by quasi-judicial immunity with regard to Bain's allegations, the claims against these two defendants are barred by the three-year statute of limitations. A § 1983 claim borrows the appropriate state statute governing limitations unless contrary to federal law. *See Wilson v. Garcia*, 471 U.S. 261, 267 (1984). The three-year statute of limitations prescribed by M.G.L. ch. 260, § 2A (personal injury claims) or M.G.L. ch. 206, § 5B (civil rights violations) govern here. The only alleged misconduct by DeCristofaro and Colameta occurred "subsequent" to Judge Kagan's August 2013 decision to grant Kilrole sole legal custody of the two children. Compl. ¶ 8. Because the

3

nature of the alleged misconduct was such that it would have been immediately known by Bain, the claim accrued at the time the alleged misconduct occurred.

This action was filed in April 2019, more than five and one-half years after the hearing in Marlboro that Bain did not attend. Although Bain does not identify the precise date of the alleged misconduct of DeCristofaro and Colameto, the Court cannot reasonably infer that it occurred in the three years preceding the filing of this lawsuit.

### III. CONCLUSION

In accordance with the foregoing, the Court hereby orders:

(1) The motion for leave to proceed *in forma* pauperis is GRANTED.

(2) Pursuant to 28 U.S.C. § 1915(e)(2)(B), this action is DISMISSED for failure to state a claim upon which relief may be granted.

**SO ORDERED.**

May 10, 2019 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE